# BAKER & SMITH *v.* NATHAN MASON.

Where, in an instrument granting a use of ten patented machines, the grantor covenanted that no other than said ten machines should by him or any other person deriving lawful title under him or under the original patentee, be licensed or authorized "to be constructed, maintained, used or kept for use in the city of Providence, under or by virtue of the letters patent," and to this covenant added a clause declaring its intent to be that the grantees should enjoy, during the term of the patent, an exclusive use to the said patent within the city of Providence, limited, however, to the number of ten machines: *Held*, That it was not the effect of said covenant to secure the grantees against the unauthorized and unlawful acts of wrong-doers.

THIS was a petition for an injunction, grounded upon a Bill in Equity pending between the parties. The hearing was upon the petition, the bill and answer and affidavits. The facts are set forth in the Court's opinion.

*T. A. Jenckes* for petitioners.

*Ames & Payne* for respondent.

STAPLES, C. J. Francis Baker and Elisha Smith purchased of Nathan Mason, by deed dated April 5th, 1852, a certain lot of land with the buildings thereon, in Providence, with the machinery therein, consisting among other things of four of Woodworth's planing machines. The consideration named in the deed was fifteen thou-

sand dollars. By another instrument, dated April 10th, 1852, for the consideration of fourteen thousand dollars, and of the covenants on the part of said Baker & Smith, and expressly upon condition of a faithful performance thereof, said Mason granted to said Baker & Smith his, said Mason's, full consent, permission and license to construct and use, and vend to others to construct and use, during the then extended term of the renewed patent, ten planing machines, upon the principles, plan and description of the amended specification and extended patent granted by act of Congress to William W. Woodworth, on 27th December, 1849, to be used in the city of Providence only. Said instrument also contains the following covenants and clauses:

"And the said Nathan Mason agrees with the said Francis Baker and Elisha Smith that no others than such ten machines thus licensed to them, shall in any manner or on any pretence be licensed or authorized by said Nathan Mason, or by the said patentee or other person deriving lawful title under them or either of them, to be constructed, maintained, used or kept for use in the said city of Providence, under or by virtue of said letters patent. It is the effect of this covenant that the said Baker & Smith shall enjoy, during said extended term, an exclusive use to the said patent within said city of Providence, limited, however, to the respective number of ten machines as before provided, and to be used in the city aforesaid."

The bill charges that these constituted two distinct contracts between the parties, one for the purchase of the mill, machinery, &c., for $5,000; the other for the purchase of the exclusive right to use Woodworth's planing machines in the city of Providence, for $15,000. The respondent in said bill is particularly interrogated on this point, and his answer, responsive to the charge, insists there was but one contract and one price, $15,000, and that the mortgage hereinafter referred to was given to secure the payment of the balance due on this contract. The answer of the respondent in this particular

is not only not disproved by the proofs adduced, but is fully substantiated and confirmed thereby, and that the making of two conveyances from the respondent to said Baker & Smith, was the suggestion of the scrivener who drew the conveyances, and made proper, as he conceived, by the difference in the kinds of property conveyed by each.

In part payment of the consideration of said contract, said Baker & Smith, on the 10th day of April, 1852, executed certain promissory notes to said Mason for the sum of ten thousand dollars, payable at different times, and the condition annexed to the transfer of the patent rights was that in case said Baker & Smith should suffer any of said notes to be overdue and unpaid, that the said transfer should be void, and that the rights and interests vested in them by virtue thereof should thereupon revert back and belong to said Mason.

At the same time said Baker & Smith executed to said Mason a mortgage of the premises conveyed to them by the deed first referred to, for the security of the payment of said notes, with a power of sale.

After several of said notes had become overdue and unpaid, said Mason advertised the mortgaged premises for sale under the power, whereupon said Baker & Smith filed their bill in equity against said Mason for an account and redemption, and also a petition for a temporary injunction on the sale until the trial of the bill.

After the execution of this deed and conveyance, to wit: on the 12th day of April, 1852, said Baker & Smith entered into possession of said real estate and machinery, and continued to occupy them up to the filing of their bill; and during the same time they had at

their pleasure used the license granted to them for ten planing machines, and had sold two machines to another person.

At the time of the execution of said conveyances, it was in proof that other persons were in the use of Norcross' patent planing machine in Providence, and that they continued in the use of them up to the filing of the bill in this case; and it was claimed by said Baker & Smith that the use of these machines as there used, was an infringement on the Woodworth patent. That they therefore had not had the monopoly granted them by Mason in the city of Providence, whereby there was a total or partial failure of the consideration of the notes secured by their mortgage, for the ascertainment of which they prayed for an account in their bill of complaint, and avowed their readiness to pay the balance due on said mortgage and notes, if anything should be found due thereon.

At the hearing on the petition for injunction, it was contended by the petitioners that the legal effect of the conveyance of the ten machines afore referred to, was to vest in them a monopoly by said ten machines in the city of Providence, and that it was the duty of the said Mason, by suit or otherwise, to ensure them the enjoyment of it; that they had requested him so to do, and that he had refused.

The respondent, said Mason, on the other hand, contended that the said instrument conveyed such a monopoly as against him, the patentee, and all claiming under them, and not against any persons who without right infringed upon it.

The granting clause in said instrument, gives no such monopoly as the respondent contended for. Mason

thereby granted a license to construct and use and vend to others to construct and use ten machines in the city of Providence, for the term therein specified, and this is all. Had the instrument ended here, notwithstanding this grant, he, Mason, being exclusively possessed of the patent right for said city, could have granted or used as many more as he pleased.

But by the clause next following the grant, which is hereinbefore referred to and copied at length, he agrees with said respondents, that neither he nor the patentees, nor any one deriving lawful title under either, will license or permit any person to use or vend any of said machines in said city.

There was no proof that this covenant had in any way been broken, nor was it pretended by the petitioners that the respondent or the patentee, or any person having lawful title under them, had made any conveyance or license to any person in the city of Providence except the petitioner.

The next clause in said instrument which is hereinbefore referred to and set out at length, defines the preceding covenant. It is not in itself a covenant for the exclusive use to the respondent, nor any covenant for any purpose whatever. Nor does it assume to extend or enlarge the preceding covenant. It is simply a declaration of the parties of the extent and meaning of that covenant, and it gives the legal effect of that covenant truly.

No person except Mason, the patentee, or some one having lawful right from them or one of them, could use or vend to others to be used, the Woodworth planing machine in the city of Providence, under or by virtue of said letters patent. A covenant, therefore, that they

would not use or vend to others to be used, under or by virtue of said letters patent, was in effect a covenant that the petitioners should have the exclusive use of the patent or rights granted by the patent in said city. This the petitioners have held. If any other persons have used the patented machine in Providence, it has been without right, not under or by virtue of the letters patent, but in derogation of the rights granted and secured thereby. They are trespassers on the rights granted and secured to the petitioners. The covenant of the respondents would ensure indemnity to the petitioners for the use of the machines by others, under and by virtue of the letters patent, but it is not the effect of that covenant to secure the petitioners against the unauthorized and unlawful acts of wrong doers.

This seems to have been the practical construction put by the parties on this covenant. The use of these machines, now the subject of complaint by the petitioners, was in existence at the time they purchased, as fully as now, and was then as well known to them as at the filing of their bill. Without complaint, they took possession of the granted premises, and made payments toward the purchase money, at several times afterward.

The petitioners having all that the respondent granted or covenanted to perform, there seems no reason why they should not perform their part of the contract; pay their notes and vest in themselves an indefeasible title to the rights granted them: or why, not having done so, the respondent should not be left to pursue all his remedies for their breach of contract.

*Petition dismissed.*